169 So. 20

### HARRIS v. STATE.

### 7 Div. 228.

Court of Appeals of Alabama.
June 16, 1936.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Count 2 of the indictment charged this appellant with the offense of the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. This count of the indictment upon which the conviction of appellant was had was in proper form and substance. The court duly sentenced him to serve an indeterminate term of imprisonment in the penitentiary of not less than 2 years nor more than 5 years. The judgment of conviction from which this appeal was taken appears regular in all respects.

Upon the trial the evidence disclosed, without dispute or conflict, that the arresting officers found the accused and one Wharton at the still and arrested them at about 10 o'clock in the morning on the day in question. There were two stills of large capacity, from one of which whisky was running out of the worm into a metal tub. The officers found about 40 gallons of whisky and large quantities of beer. The defendant, as stated, admitted his presence at the still, and other evidence in the case tended to show he left his home about 5 o'clock in the morning of the day in question, and after spending about 40 minutes in his field went to the still and remained there continuously until he was arrested. The state's testimony tended to show that "the defendant had on his working clothes and his hands were dirty and still slop on his clothes and his face smoked up considerably."

Wharton, the other man arrested at the still on this occasion, testified: "The stills that was found by the revenue officers belonged to defendant and I; whiskey was running out of the stills when the officers got there; the stills had been there a month or two and had been operated previously by defendant and myself."

Defendant admitted his presence at the still, for the duration of time above stated, but insisted he went there for the purpose of getting some beer. He denied ownership or possession of the stills, and insisted that the prosecution against him was a frame up. The conflicting evidence made a jury question. We think it was ample to sustain the verdict rendered.

The record is regular in all respects. Finding no reversible error in any ruling of the court, it is ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.